UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CHASE A. HENDLEY**                                                                                     **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 1:25-CV-74-GNS**

**FRANKLIN POLICE DEPARTMENT**                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Chase A. Hendley initiated the instant *pro se* 42 U.S.C. § 1983 civil-rights action. Upon consideration of Plaintiff's application to proceed without prepayment of fees, **IT IS ORDERED** that the application (DN 3) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I.**

Plaintiff sues the Franklin Police Department (FPD). In the "Basis for Jurisdiction" section of the complaint form, Plaintiff states that the FPD violated his "right to contract or not contract, right to privacy and confidentiality free of unwarranted invasion, right to due process of law." In the section of the complaint form which asks the plaintiff to state the facts underlying his claim, Plaintiff writes, "My private information was released to the public without my consent. As a father of 4, barber and football coach this has caused public humility." In the "Relief" section of the complaint, Plaintiff writes, "I deserve financial compensation due to the repeated violations of my rights by [FPD] over the years . . . without any regard for my life or reputation in the community."

In an attachment to the complaint, Plaintiff alleges that "my personal information was released without my consent by Sworn Public officials." He states that after "Katrina" was taken

to the emergency room by FPD officers, he became the "person of interest without a written statement or committing a crime." Plaintiff states that FPD officers "coerced and manipulated [Katrina] into writing a statement shortly after being examined. . . . This led to me being served an Emergency Protective Order and a court date."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As set forth above, Plaintiff sues the FPD. Police departments are not legal entities subject to suit under § 1983. Thus, the City of Franklin is the proper Defendant in this action. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that since the police department is not an entity which may be sued, the county is the proper party). "A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). There are four ways that a plaintiff can prove the existence of a municipal custom or policy. A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id*. (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

Plaintiff seems to allege that FPD had a custom of tolerance or acquiescence of federal rights violations. Showing a custom of tolerance of or acquiescence to federal rights violations requires "(1) a clear and persistent pattern of misconduct, (2) notice or constructive notice on the

part of the municipality, (3) the defendant's tacit approval of the misconduct, and (4) a direct causal link to the violations." *Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015) (internal quotation marks omitted); *see Burgess*, 735 F.3d at 478 ("A custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims.").

Here, Plaintiff states that the FPD has "repeatedly violated" his constitutional rights "over the years." The Court finds that this one-sentence allegation regarding a custom is vague and conclusory and that it lacks "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'" under the above standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). *See also Braunskill v. Brown Cnty. Sheriff Dep't*, Case No. 1:24-cv-374, 2024 U.S. Dist. LEXIS 190817, at *6-7 (S.D. Ohio Oct. 21, 2024) (holding that allegation that a county had a "long standing policy of indifference to the deprivation of citizen's rights" was too conclusory to show a custom or policy under *Iqbal* and *Twombly*).

Thus, because Plaintiff has failed to adequately plead that the alleged violations of his constitutional rights occurred due to a custom or policy of the City of Franklin, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

**IV.**

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: July 8, 2025

Greg N. Stivers, Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
4416.011